OPINION OF THE COURT
Gary J. Weber, J.
The defendant, Byron Brown, charged with murder in the first degree, by his attorney, has moved this court for an order directing that the District Attorney disclose at the close of proceedings on any given trial day the names of the witnesses which the People intend to call for the next succeeding trial day.
*377 The defense orally placed on the record of these proceedings on January 13, 1998 the reasoning underlying the application. The defendant contends that the true spirit of the Rosario rule and the due process requirements of both the United States and New York Constitutions require that these disclosures be made.
It is argued by the defense that the Rosario material in this case concerns many, many witnesses and is voluminous with much reading to be done as concerns the entire case and that the defense will be much better able to cross-examine the respective prosecution witnesses if its efforts are directed at the end of the trial day only toward those prospective witnesses scheduled for the next trial day instead of a review of Rosario material pertaining to all witnesses yet remaining to be called.
The defendant urges that true compliance with the Rosario rule and State and Federal due process requirements means that the defendant must not only be physically provided with copied Rosario material but that his counsel must also be provided the requested period of time in which to review the same prior to the cross-examination of any prosecution witnesses in order for the Rosario material to have any meaningful value to the defense.
The prosecution, for its part, orally replied on January 13, 1998 to the effect that the People, having supplied the Rosario material even earlier than strictly required by statute pursuant to the Rosario rule, had complied with their legal obligations in these regards and were not prepared to go further in these respects.
The court is personally sympathetic to the defendant’s position if only so that possible applications for adjournments or breaks in the proceedings to examine or locate Rosario might be avoided. Moreover, the court is of the mind that a criminal trial, although admittedly adversarial in nature, ought to be determined by a reasoned analysis of the evidence properly adduced in support of the People’s case without regard to tactics or the tactical skills of opposing counsel.
However, as a practical matter, tactical considerations always enter into the planning of the opposing parties in any contested, litigated matter.
New York’s so-called Rosario rule has been codified in CPL 240.45. Nowhere in that section, or, for that matter, any other provision of New York State law does there exist a requirement that the People provide a witness list in the man *378 ner here sought by the defendant. It is axiomatic that if the Legislature had intended to enact such a requirement as the defendant now seeks when the detailed legislation on the topic comprising CPL 240.45 was enacted it would simply have done so.
Further, the court finds no case law in support of the defendant’s proposition. Indeed, while it may be true that it is" an inconvenience for defense counsel to review all or most of the Rosario material within the relatively short period now provided by law, it is not to say that this may not, with due diligence, be accomplished by counsel.
The court is of the opinion for these reasons that the defendant’s position with respect to the instant application does not, under the circumstances, implicate either the defendant’s State or Federal due process rights.
Accordingly, the defendant’s application in these regards is in all respects denied.